IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERI L. LYDIC and TIMOTHY WILEY,** | : | CIVIL ACTION NO. 1:05-CV-0904 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **ROBERT ROTZ**, et al., | : | |
| Defendants | : | |

### ORDER

AND NOW, this 13th day of March, 2006, upon consideration of the complaint (Doc. 1) in the above-captioned case, filed by plaintiffs Sheri L. Lydic ("Lydic") and Timothy Wiley ("Wiley"), setting forth claims pursuant to Title VII, 42 U.S.C. § 1983, and state law claims of intentional infliction of emotional distress ("IIED") and civil conspiracy, and of the motion to dismiss (Doc. 10), filed by defendants L-3 Communications Vertex Aerospace ("L-3"), J. Irl Haulman,[1] Jan Atkinson, and Linda Mandel (collectively, the "L-3 Defendants"), and the motion for judgment on the pleadings (Doc. 30), filed by defendant Robert Rotz ("Rotz"),[2] and it appearing that plaintiffs concede that their Title VII claims against non-employer, individual

---

[1] J. Irl Haulman is incorrectly identified in the complaint as Jul Haulman. (See Doc. 1.) Although he is identified by plaintiffs as an Army employee (see Doc. 1 ¶ 8), the instant motion to dismiss indicates that he is employed by L-3 (see Doc. 12 at 1).

[2] The allegations of the complaint are, of course, accepted as true for purposes of this review. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004). The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to reasonableness of plaintiffs' allegations.

defendants should be dismissed (see Doc. 19 at 9; Doc. 41),[3] see 42 U.S.C. § 2000e-2(a), that plaintiffs have not exhausted their administrative remedies or received a right-to-sue letter, see Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) ("A complainant may not bring a Title VII suit without having first received a right-to-sue letter."), and that the complaint does not aver facts sufficient to support plaintiffs' claim of equitable tolling (see Doc. 19 at 8-9),[4] see Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (setting forth the standard for equitable tolling of the statute of limitations in Title VII cases),[5] and upon further

---

[3] While L-3 contends that plaintiffs' Title VII claims against it are improper because the alleged harasser, defendant Rotz, was not an L-3 employee, this alone does not warrant dismissal. It is well settled that an employer may be liable for sexual harassment committed by a non-employee. See 29 C.F.R. § 1604.11(e). Further, there would still remain Lydic's claims of retaliation by the L-3 supervisors for her reporting of the harassment. See 42 U.S.C. § 2000e-3(a); Sarullo v. U.S. Postal Serv., 352 F.3d 789, 800 (3d Cir. 2003).

[4] The complaint does not aver that Wiley attempted to report any employment discrimination against him. (See Doc. 1.) Accordingly, Wiley has failed to exhaust available administrative remedies and the court will dismiss his Title VII claims without further discussion. See Burgh, 251 F.3d at 470.

[5] The court notes that Lydic signed a memorandum from an equal employment counselor, dated February 18, 2005, which set forth Lydic's right to file a complaint of discrimination and described the procedure for filing such a complaint. (See Doc. 31, Ex. A.) This memorandum appears to preclude Lydic's equitable tolling argument. However, because plaintiffs did not address this memorandum in subsequent filings, and in an abundance of caution, the court will permit plaintiffs to amend the complaint to aver facts sufficient to support a claim of equitable tolling.

consideration of plaintiffs' Bivens claims under the First and Fifth Amendments,[6] see Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and it appearing that the availability of Title VII remedies may preclude plaintiffs' Bivens claims, see, e.g., Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68-70 (2001); Schweiker v. Chilicky, 487 U.S. 412, 421-23 (1988); Bush v. Lucas, 462 U.S. 367, 368 (1983), that plaintiffs have waived their Fifth Amendment Bivens claims against Rotz,[7] that Bivens claims may not be brought against a private corporation such as L-3, see Malesko, 534 U.S. at 63 (holding that Bivens should not be extended to allow recovery against a private corporation under contract with the federal Bureau of Prisons); id. at 70 ("The purpose of Bivens is to deter *individual* federal officers from committing constitutional violations. . . . [T]he threat of suit against an individual's employer was not the kind of deterrence contemplated by Bivens."

---

[6] Plaintiffs improperly bring First and Fourteenth Amendment claims under 42 U.S.C. § 1983, a statute creating a cause of action against persons acting under color of *state* law. See id.  In the matter *sub judice*, Rotz is a *federal* officer. Accordingly, the court will treat plaintiffs' § 1983 claims as Bivens claims against persons acting under the color of *federal* law. See, e.g., North Carolina ex rel. Haywood v. Barrington, 256 F. Supp. 2d 452 (M.D.N.C. 2003) (construing civil rights claim brought under § 1983 as a Bivens claim rather than dismissing).  Likewise, the court will treat plaintiffs' Fourteenth Amendment due process and equal protection claims, which are appropriate only when brought against *state* actors, as their *federal* counterpart—Fifth Amendment claims.

[7] While Rotz addressed plaintiffs Fifth (and Fourteenth) Amendment claims, plaintiffs have not presented any counter-arguments or otherwise acknowledged these claims in their brief in opposition.  (Compare Doc. 31, with Doc. 41.)  Abandonment of the position is tantamount to waiver of the claim, and judgment is appropriate.  See D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999); L.R. 7.6.

(emphasis added)), and that the allegations of the complaint arguably state <u>Bivens</u> claims of unlawful retaliation under the First Amendment, <u>see</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1204-05 (3d Cir. 1988); <u>Bedford v. Se. Pa. Transp. Auth.</u>, 867 F. Supp. 288, 295-96 (E.D. Pa. 1994), but that the complaint does not aver facts sufficient to establish that the L-3 Defendants are federal actors (<u>see</u> Doc. 1 at 1, 5-6), <u>see</u> <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 800-01 (3d Cir. 2001) (setting forth tests for determining whether a private party is federal actor for <u>Bivens</u> claims), and upon further consideration of plaintiffs' state law claims of IIED and civil conspiracy against the L-3 Defendants, and it appearing that the complaint does not aver misconduct by the L-3 Defendants sufficient to support an IIED claim,[8] <u>see</u> <u>Hoy v. Angelone</u>, 720 A.2d 745, 753-54 (Pa. 1998) (stating that, for an IIED claim, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."), and that a claim of civil conspiracy cannot stand against the L-3 Defendants where the underlying claims are dismissed, <u>see</u> <u>Goldstein v. Phillip Morris, Inc.</u>, 854 A.2d 585, 590 (Pa. Super. Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."), it is hereby ORDERED that:

---

[8] Although the complaint alleges that Lydic has suffered great fear and anxiety and been emotionally damaged by the alleged misconduct of *all* defendants (<u>see</u> Doc. 1 ¶ 28), plaintiffs brief in opposition addresses only defendant Rotz's conduct (<u>see</u> Doc. 19 at 9-10). Accordingly, plaintiffs' IIED claim against the L-3 Defendants will be dismissed.

1.  The motion to dismiss (Doc. 10), filed by defendants L-3 Communications Vertex Aerospace, J. Irl Haulman, Jan Atkinson, and Linda Mandel, is GRANTED as follows:

    a.  Claims brought under 42 U.S.C. § 1983 and the Fourteenth Amendment against L-3 Communications Vertex Aerospace, J. Irl Haulman, Jan Atkinson, and Linda Mandel are DISMISSED. Claims brought under Title VII against J. Irl Haulman, Jan Atkinson, and Linda Mandel are DISMISSED. Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

    b.  Claims brought under Title VII against L-3 Communications Vertex Aerospace are DISMISSED without prejudice. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

        i.  Plaintiffs are GRANTED leave to file an amended complaint, on or before March 27, 2006, to aver facts sufficient to demonstrate that equitable tolling applies to their Title VII claims against L-3 Communications Vertex Aerospace. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

        ii. If plaintiffs file an amended complaint averring equitable tolling, the court may order additional briefing and conduct a hearing to develop the factual scenario and legal arguments supporting plaintiffs' equitable tolling contention.

    c.  Claims brought under Bivens against L-3 Communications Vertex Aerospace are DISMISSED. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 63 (2001). Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

    d.  Claims brought under Bivens against J. Irl Haulman, Jan Atkinson, and Linda Mandel are DISMISSED without prejudice. See Brown v. Philip Morris Inc., 250 F.3d 789, 800-01 (3d Cir. 2001).

      i.      Plaintiffs are GRANTED leave to file an amended complaint, on or before March 27, 2006, to aver facts sufficient to demonstrate that J. Irl Haulman, Jan Atkinson, and Linda Mandel are federal actors. See Brown v. Philip Morris Inc., 250 F.3d 789, 800-01 (3d Cir. 2001).

      ii.     If plaintiffs file an amended complaint, the court shall order briefing on whether the availability of remedies under Title VII precludes plaintiffs' Bivens claims, and may order briefing on the issue of whether J. Irl Haulman, Jan Atkinson, and Linda Mandel are federal actors for purposes of the instant matter.

  e.    The state law claims of intentional infliction of emotional distress and civil conspiracy against L-3 Communications Vertex Aerospace, J. Irl Haulman, Jan Atkinson, and Linda Mandel are DISMISSED without prejudice. Plaintiffs are GRANTED leave to file an amended complaint, on or before March 27, 2006, to aver facts sufficient to demonstrate an IIED claim,[9] see Hoy v. Angelone, 720 A.2d 745, 753-54 (Pa. 1998), and/or a civil conspiracy claim, see Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004).

  f.    Any amended complaint shall set forth with specificity each claim brought by each plaintiff and the appropriate defendant(s) against whom each claim is brought, and shall otherwise fully comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

---

[9] The court notes that plaintiffs cite to only the Bible and Shakespeare for the proposition that Rotz's conduct was sufficiently outrageous to support a claim for intentional infliction of emotional distress. (See Doc. 19 at 9-10.) If plaintiffs elect to amend to include this claim against the L-3 Defendants, any subsequent briefing on the issue shall cite to applicable and controlling caselaw.

2. The motion for judgment on the pleadings (Doc. 30), filed by defendant Robert Rotz, is GRANTED in part as follows:

   a. The motion (Doc. 30) is GRANTED with respect to claims brought under Title VII, 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments against defendant Robert Rotz. The Clerk of Court is directed to defer the entry of judgment until the conclusion of this case.

   b. The court will defer ruling on plaintiffs' remaining claims against defendant Robert Rotz—the First Amendment <u>Bivens</u> claims—pending supplemental briefing.

      i. Plaintiffs shall file a response, on or before March 27, 2006, showing cause why the availability of remedies under Title VII does not preclude plaintiffs' First Amendment <u>Bivens</u> claims. The response shall <u>cite to and discuss applicable and controlling caselaw</u>. <u>See, e.g.</u>, <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 63 (2001). Failure to file a response shall result in the dismissal of plaintiffs' First Amendment <u>Bivens</u> claims against defendant Robert Rotz. <u>See</u> FED. R. CIV. P. 12.

      ii. Defendant Robert Rotz shall file a reply, on or before April 10, 2006, <u>citing to and discussing applicable and controlling caselaw</u>.

      iii. No further briefing shall be permitted absent leave of court.

 <u>/s/ Christopher C. Conner</u><br>
CHRISTOPHER C. CONNER<br>
United States District Judge